IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>HOWARD LUCAS, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION<br>No. 16-03979 |

## ORDER

**AND NOW**, this 31st day of October, 2016, after consideration of Plaintiff's Motion for Service by Posting Property and Certified Mail (ECF No. 3), it is **ORDERED** that Plaintiff or its agent shall serve the summons and complaint on the Defendant by:

1. Posting a copy of the summons and complaint on the property of the last known address;

2. Regular and certified mail addressed to the Defendant's last known address; and

3. Publication in accordance with Pennsylvania Rule of Civil Procedure 430(b)(1).[1]

                       BY THE COURT:

                       ***/s/ Gerald J. Pappert***
                       GERALD J. PAPPERT, J.

---

[1] Under Pennsylvania law, plaintiffs must meet three conditions for alternate service of process. "First, the plaintiff must show a good faith effort to locate the defendant on which service is to be made. Second, the plaintiff must undertake practical efforts to serve the defendant under the circumstances . . . [and third,] the plaintiff must . . . show that the proposed alternative service is reasonably calculated to provide the defendant with notice of the proceedings against him or her." *United States v. Lori A. Cassel*, 12-784, 2013 WL 2495145, *1 (E.D. Pa. June 11, 2013). The Plaintiff here has shown a good faith effort to locate and serve the defendant. Plaintiff's proposal to the Court failed, however, to satisfy the third element. The Court therefore has ordered that, in addition to the Plaintiff's proposed method of service, the Plaintiff also shall serve the Defendant by publication as prescribed in Pennsylvania Rule of Civil Procedure 430(b)(1).